FILED
2026 Jun-12  PM 02:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| NAVINCHANDRA J. RATHOD, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | Case No.:  1:24-cv-01052-RDP |
| | } | |
| IMERYS CARBONATES USA, INC., | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

Before the court is Defendant Imerys Carbonates USA, Inc.'s Motion for Summary Judgment. (Doc. # 31). The Motion has been fully briefed. (Doc. # 32, 36, 37). After careful review, and for the reasons explained below, Defendant's Motion is due to be granted.

## I.    Background[1]

On the night of July 6, 2022, around 10:00 PM, Plaintiff Navinchandra J. Rathod arrived at Defendant Imerys Carbonates USA, Inc.'s ("Imerys") calcium carbonate plant in Sylacauga, Alabama, while working as a truck driver. (Doc. # 1-1 at 5; 31-1 ¶ 3). According to Ray Vickers, a supervisor at the Imerys Plant, Plaintiff drove his tractor-trailer to the plant loading area, where he backed up to one of the loading dock doors and had his trailer loaded with quarry products. (Doc. # 31-1 ¶¶ 3-4).

Once loading was complete, but before securing the product in the trailer, Plaintiff pulled his tractor-trailer away from the loading docks and parked approximately 50-60 feet away. (*Id.* ¶

---

[1] The facts set out in this opinion are gleaned from the parties' submissions and the court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts that could be established through live testimony at trial. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994). The court notes that although Plaintiff filed a response to Imery's Motion for Summary Judgment, he submitted no affidavits, no deposition testimony, and no other evidence in support of it. The court has drawn all reasonable inferences in Plaintiff's favor, but there are no competing facts in the record to set against Imerys's evidence. The court expressly warned Plaintiff that this was a consequence if he failed to submit evidence. (Doc. # 34).

5). He then exited the cab and walked to the back of the trailer to secure the load. (*Id.* ¶ 6). While climbing up to do so, Plaintiff slipped, fell out of the trailer, and injured himself when he hit the ground. (*Id.* ¶ 7). Plaintiff did not fall from, onto, or near the loading docks. (*Id.* ¶ 8). The parking lot where he fell was level, and there was nothing on the ground near the trailer that would have caused his fall. (*Id.* ¶¶ 9-10). Photographs were immediately taken of the scene after the fall and before the tractor-trailer was moved, depicting the location of the fall, the position of Plaintiff's hardhat and a personal item, and the condition of the parking lot. (*Id.* ¶¶ 11-12, Ex. A).

On June 28, 2024, Plaintiff filed suit against Imerys in the Circuit Court of Talladega County, Alabama, asserting claims of negligence, wantonness, and premises liability. (Doc. # 1-1). The case was removed to this court on August 1, 2024. (Doc. # 1).

Plaintiff's claims all center on the condition of the loading dock area at the Imerys Plant. Plaintiff alleges that Imerys knew or should have known of a hazardous condition in that area and failed to keep the premises free and clear of it. (Doc. # 1-1 ¶¶ 6, 9). He further alleges that Imerys had actual or constructive notice of the hazard, failed to discover and remove it, and either permitted the condition to remain or affirmatively created it. (*Id.* ¶ 9). Plaintiff also contends that Imerys failed to warn him of the hazard, despite his status as an invitee. (*Id.*). As a result of this alleged conduct, Plaintiff claims he sustained injuries. (*Id.* ¶ 10).

## II.    Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts

and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable [trier of fact] could [find] for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

"[A]t the summary judgment stage, the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Sawyer*, 243 F. Supp. 2d at 1262 (quoting *Anderson*, 477 U.S. at 251-52); *see also LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999) ("The law is clear . . . that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of a material fact. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324. As the court explained in its Briefing Order on Defendant's Motion for Summary Judgment:

> When a motion for summary judgment is supported by affidavits and/or other record evidence, the opposing party cannot rely solely on the allegations contained in the pleadings to defeat the motion. Instead, the opposing party must submit counter-affidavits and/or supporting evidence that set forth specific facts showing there is a genuine dispute of material fact exists for resolution at trial.

If the opposing party fails to comply with these requirements, the court may deem the facts set forth in the moving party's affidavits and/or supporting evidence to be established as true and may find that no genuine dispute of material fact exists. In that event, the moving party will be entitled to judgment in their favor, to the extent permitted by applicable law.

(Doc. # 34 at 1).

### III.    Analysis

Plaintiff's Complaint asserts three claims against Imerys: (1) Negligence, (2) Willful/Wantonness, and (3) Premises Liability. (Doc. # 1-1 at 5-10). The court addresses each claim below.

#### A.  Negligence/Premises Liability (Counts I and III)

Under Alabama law, to establish negligence, the plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury. *Albert v. Hsu*, 602 So.2d 895, 897 (Ala. 1992). "When deciding which theory of law is proper between general negligence and premises liability under Alabama law, the court considers whether affirmative conduct of the landowner or a condition of the premises caused the injury." *Gulledge v. Wal-Mart Inc.*, No. 2:18-CV-00563-RDP, 2019 WL 3413659, at *2 (N.D. Ala. July 29, 2019). If a defendant's affirmative conduct caused the injury, the negligence standard applies; if a condition of the premises caused the injury, the premises liability standard applies. *Id.* Here, Plaintiff alleges that "the condition of the loading dock and the surrounding area" at Imerys's facility caused Plaintiff's fall. (Doc. # 1-1 ¶ 6). Because Plaintiff alleges that his injury was caused by a condition of Imerys's premises rather than an affirmative act, the court treats Count I (negligence) and Count III (premises liability) as a single premises liability claim and evaluates them together.

"The duty owed by a landowner to an injured party depends upon the status of the injured party in relation to the landowner's land, i.e., is the injured party a trespasser, a licensee, or an

invitee." *Byrne v. Fisk*, 385 So. 3d 973, 978 (Ala. 2023) (citing *Galaxy Cable, Inc. v. Davis*, 58 So. 3d 93, 98 (Ala. 2010)). "A person who enters land with the landowner's consent to bestow some material or commercial benefit is an 'invitee,' and a landowner owes an invitee the duty to keep the premises in a reasonably safe condition and, if the premises are unsafe, to warn of hidden defects and dangers that are known to the landowner but that are hidden or unknown to the invitee." *Galaxy Cable, Inc. v. Davis*, 58 So. 3d 93, 98 (Ala. 2010). The parties do not dispute that Plaintiff, a commercial truck driver who arrived at the Imerys Plant to pick up a load, was an invitee. (Doc. # 1-1 ¶ 6; 32 at 5-6). So, the dispositive question is whether Imerys breached its duty of care by failing to maintain its premises in a reasonably safe condition.

Imerys met its initial burden by submitting the Declaration of Ray Vickers and photographic evidence establishing the absence of any hazardous condition at the scene. (*See* Doc. # 31-1). That means the burden shifted to Plaintiff to come forward with specific facts showing a genuine dispute for trial. *See Celotex Corp.*, 477 U.S. at 324. The court expressly warned Plaintiff that failure to do so would result in the court accepting Imerys's evidence as true and entering judgment against him. (Doc. # 34). Despite that warning, Plaintiff submitted no counter-affidavits, no deposition testimony, and no other evidence in response to Imerys's Motion.

Plaintiff's response brief raises several arguments, but arguments in a brief are not Rule 56 evidence. (Doc. # 36). The law is clear that "suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment." *LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999). Each of Plaintiff's arguments fails for this reason alone. Nevertheless, the court briefly addresses them, in turn.

### 1.  The Alleged "Latent Hazard"

Plaintiff contends that Imerys's employees were spraying water on the lot on the night of the incident, that the water mixed with calcium carbonate powder to create a chemically slick

slurry, and that this slurry adhered to his boots and caused him to slip when he descended from the trailer. (Doc. # 36 at 1-2). There is a problem with this theory. Evidence supporting these assertions appears nowhere in the Rule 56 record. Plaintiff submitted no affidavit attesting to these facts, no other fact testimony, no documents, and no expert opinion regarding the alleged chemical properties of the mixture, and no other evidence supporting this theory. The Vickers Declaration – the only evidence in the record – establishes that the lot was level and that nothing on the ground near the trailer caused Plaintiff's fall. (Doc. # 31-1 ¶¶ 9-10). Because Plaintiff has presented no evidence to the contrary, there is no genuine dispute as to this issue.

### 2. Alleged Negligence by Imerys's Employees

Next, Plaintiff argues that the water-spraying operation constituted affirmative conduct by Imerys, rather than a passive condition of the premises, and that this conduct amounted to active negligence. (Doc. # 36 at 4-5). Even accepting the legal premise that a landowner's affirmative conduct in creating a hazard may support a negligence theory rather than a premises liability theory, the argument fails for a similar reason that was noted above. There is no evidence in the record that any water-spraying occurred on the night in question or that such activity, even if it took place, contributed to Plaintiff's fall. Unsworn assertions in a brief cannot substitute for record evidence at the summary judgment stage. *See Celotex Corp.*, 477 U.S. at 324.

### 3. Federal Motor Carrier Safety Regulations and Contributory Negligence

Finally, Plaintiff argues that his presence near the trailer was legally compelled by Federal Motor Carrier Safety Regulations requiring post-loading inspections, and that he therefore cannot be found contributorily negligent. This argument is beside the point. Contributory negligence is an affirmative defense, and the court need not – and, in fact, does not – reach it because Plaintiff has failed to establish the threshold elements of his claims in the first instance. Without evidence of a

hazardous condition on Imerys's premises, Plaintiff's claims fail regardless of whether his conduct was reasonable or federally mandated.

Because Plaintiff has failed to identify a genuine dispute of material fact or present any evidence supporting his claims, the court deems the facts set forth in Imerys's supporting evidence to be established as true. Under these facts, Imerys is entitled to summary judgment on Counts I and III.

### B. Wantonness (Count II)

Under Alabama law, to establish wantonness, a plaintiff must prove that the defendant (1) consciously did some act or omitted some duty (2) while knowing of the existing conditions and being conscious that, from doing or omitting an act, injury will likely or probably result. *Motley v. Express Services, Inc.*, 386 So. 3d 766, 774-75 (Ala. 2023).

Plaintiff's wantonness claim fails for the same reasons as his premises liability claims. As discussed above, the undisputed evidence establishes that there was no hazardous condition on Imerys's premises. Without evidence of a dangerous condition, Plaintiff cannot show that Imerys consciously acted or failed to act with knowledge that injury would likely result. *See Lands v. Ward*, 349 So. 3d 219, 229 (Ala. 2021). And, as with his other claims, Plaintiff submitted no affirmative evidence in response to Imerys's Motion, leaving nothing in the record from which a reasonable factfinder could infer wanton conduct. *Id.* Imerys is therefore entitled to summary judgment on Count II.

### IV.    Conclusion

For all of the above reasons, Defendant Imerys Carbonates USA, Inc.'s Motion for Summary Judgment (Doc. # 31) is due to be granted. A separate order will be entered.

**DONE** and **ORDERED** this June 12, 2026.

_____
**R. DAVID PROCTOR**
SENIOR U.S. DISTRICT JUDGE